UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY PANDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA VALLEY HEALTH AND HOSPITAL SYSTEM,<br><br>　　　　Defendant. | Case No. 23-cv-06592-JST<br><br>**ORDER GRANTING REQUEST TO REOPEN; VACATING ORDER OF DISMISSAL AND JUDGMENT; DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 9 |

　　　　Plaintiff, an inmate housed at Santa Clara County Jail, filed this *pro se* action. ECF No. 1. On February 5, 2024, the Court dismissed this action and entered judgment against Plaintiff because Plaintiff had neither paid the filing fee nor submitted a complete *in forma pauperis* application. ECF Nos. 6, 7. Plaintiff has since filed a letter with the Court stating that prison officials will not assist him in preparing and submitting his *in forma pauperis* application. ECF No. 9. The Court construes this as both a motion to reopen the action and a motion to proceed *in forma pauperis*. *Id.* Because Plaintiff has shown good cause for his failure to submit the *in forma pauperis* application, the Court GRANTS the motion to reopen, ECF No. 9; and directs the Clerk to VACATE the Order of Dismissal and related judgement (ECF Nos. 6, 7) and REOPEN this case. For the reasons set forth below, the Court DISMISSES this action with leave to amend. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**I.　Granting Request to Reopen Action (ECF No. 9)**

　　　　The Court's dismissal of this action was without prejudice to Plaintiff moving to reopen the action and addressing the failure to either pay the filing fee or file an *in forma pauperis* application. ECF Nos. 6, 7. Plaintiff has stated that prison officials will not assist him in

1  preparing and submitting his *in forma pauperis* application, and that he lacks the funds to pay the
2  filing fee in full. ECF No. 9. Accordingly, the Court finds that Plaintiff has shown good cause for
3  his failure to submit the *in forma pauperis* application, and GRANTS Plaintiff's request to reopen
4  this action. ECF No. 9. The Court orders the Clerk to VACATE the Order of Dismissal and
5  related judgment, ECF Nos. 6, 7; and orders the Clerk to REOPEN this action.

## II. Screening Operative Complaint

Plaintiff commenced this action by filing the complaint docketed at ECF No. 1. Since then, Plaintiff has filed another complaint at Dkt. No. 11. The Court construes Dkt. No. 11 as an amended complaint, which replaces Dkt. No. 1. Dkt. No. 11 is therefore the operative complaint. As required by 28 U.S.C. § 1915A(a), the Court conducts a preliminary screening of the operative complaint (ECF No. 11).

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Dismissal with Leave to Amend

The operative complaint is dismissed with leave to amend because it merely offers labels, conclusions, and a recitation of the elements of a cause of action. Plaintiff alleges that Defendant Santa Clara Valley Health and Hospital System have "violated the Constitution by failing to respond reasonably or by providing adequate treatment to plaintiff's known serious injury;" that his claim is detailed in his medical records; and that Defendant's "failure to correctly treat resulted in further significant harm + the unnecessary infliction of pain . . . affect[ing] Plaintiff's ability to do basic activities."  The operative complaint does not identify Plaintiff's serious medical need, what medical treatment is (or was) needed for such needs, how Plaintiff was denied treatment, and what policy mandated the denial of treatment.  The Court therefore DISMISSES the operative complaint for failure to state a claim.  The dismissal is with leave to amend to address the identified deficiencies.

In preparing a second amended complaint, Plaintiff should follow the form complaint.  For each legal claim, Plaintiff should list the alleged constitutional provision or federal law violated; identify the individual who committed the alleged constitutional or federal law violation; and specify what the individual did, or did not do, that was either unlawful or unconstitutional. Plaintiff is also advised that Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  There is no respondeat superior liability under § 1983, i.e., liability solely because a defendant is a supervisor or otherwise responsible for the actions or omissions of another. *See Mortimer v. Baca*, 594 F.3d 714, 721 (9th Cir. 2010).  If Plaintiff is seeking to hold the Santa Clara Valley Health and Hospital System liable for constitutional violations, he is alleging a municipal liability claim against Santa Clara County, and the proper defendant for Plaintiff's municipal liability claim would be Santa Clara County itself. *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing

1  Santa Clara County Department of Corrections from Section 1983 action and noting that "[t]he
2  County is a proper defendant in a § 1983 claim, an agency of the County is not"); *Stump v. Gates*,
3  777 F.Supp. 808, 816 (D. Colo. 1991) (noting that, "although some courts have overlooked it,
4  naming a municipal department as a defendant is not an appropriate means of pleading a § 1983
5  action against a municipality").  In order to state a cognizable municipal liability claim against
6  Santa Clara County, Plaintiff must allege facts from which it can be reasonably inferred that the
7  constitutional violations were because of an expressly adopted official Santa Clara County or
8  Santa Clara Valley Health and Hospital System policy, a long-standing Santa Clara County or
9  Santa Clara Valley Health and Hospital System practice or custom, or the decision of a final Santa
10 Clara County or Santa Clara Valley Health and Hospital System policymaker.  *Ellins v. City of*
11 *Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S.
12 658 (1978)).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court GRANTS Plaintiff's request to reopen this case.  ECF No. 9.

2. The Clerk is ordered to VACATE the Order of Dismissal and related judgment (ECF Nos. 6, 7), and REOPEN this action.

3. The Court DISMISSES the operative complaint (ECF No. 11) with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second amended complaint that addresses the identified deficiencies.  The second amended complaint must include the caption and civil case number used in this order, Case No. C 23-06592 JST (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.  Failure to file a second amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to

1  Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this
2  order to Plaintiff.
3       This action terminates ECF No. 9.
4  **IT IS SO ORDERED.**
5  Dated:  June 17, 2024



                                                   JON S. TIGAR
                                   United States District Judge