UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY PANDO,

               Plaintiff,

     v.

SANTA CLARA VALLEY HEALTH AND
HOSPITAL SYSTEM,

               Defendant.

Case No. 23-cv-06592-JST

**ORDER OF DISMISSAL**

Plaintiff, an inmate housed at Santa Clara County Jail, filed this *pro se* action. ECF No. 1. Plaintiff's second amended complaint (ECF No. 14) is now before the Court for review pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court DISMISSES the second amended complaint with prejudice.

**DISCUSSION**

**I.    Procedural History**

Plaintiff commenced this action by filing the complaint docketed at ECF No. 1. Plaintiff then filed an amended complaint docketed at ECF No. 11. The amended complaint alleged that Defendant Santa Clara Valley Health and Hospital System had "violated the Constitution by failing to respond reasonably or by providing adequate treatment to plaintiff's known serious injury"; that his claim is detailed in his medical records; and that Defendant's "failure to correctly treat resulted in further significant harm + the unnecessary infliction of pain . . . affect[ing] Plaintiff's ability to do basic activities." *See generally* ECF No. 11. The amended complaint did not identify Plaintiff's serious medical need, what medical treatment is (or was) needed for such needs, how Plaintiff was denied treatment, or what policy mandated the denial of treatment. *See id.* The Court dismissed the amended complaint because it merely offered labels, conclusions, and

a recitation of the elements of a cause of action.  ECF No. 12.

## II.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III.     Second Amended Complaint

The second amended complaint sues Santa Clara Health and Hospital Services ("SCHHS").  The second amended complaint makes the following allegations.  On October 3, 2022, Plaintiff ruptured his left Achilles.  SCHHS "remained deliberately indifferent" to Plaintiff's serious medical needs by failing to "respond reasonably," by "providing inadequate treatment," by providing "poor treatment," by unjustifiably delaying medical care, and by failing to "treat [Plaintiff's] condition."  The medical treatment provided was "so grossly incompetent, inadequate,

1    or excessive as to shock the conscience."  Plaintiff submitted numerous white cards and requests

2    for medical care that were ignored by staff.  Plaintiff remained on the top bunk for "numerous

3    weeks" following his injury.  As a result, Plaintiff was subject to unnecessary and wanton

4    infliction of pain, and suffered extreme pain for weeks.  The delay in treatment is "clearly likely to

5    make the medical problem worse or possibly result in a lifelong handicap."  The County

6    intentionally decided to take an easier or cheaper route, as evidenced by the poor medical

7    treatment.  *See generally* ECF No. 14 at 2-3.

8        Plaintiff has attached medical records to the second amended complaint that show the

9    following.  On October 12, 2022, nurse Leelamma consulted with Dr. Washington regarding

10   Plaintiff's left leg Achilles.  Dr. Washington placed an order for an x-ray and advised Plaintiff to

11   continue with ice and other medication.  On October 29, 2022, Plaintiff was seen by nurse Hong,

12   who recorded that Plaintiff had been taking Motrin and using icy hot for his left Achilles, but it

13   was not helping.  Plaintiff was scheduled for an October 31, 2022 appointment with Dr. Wong.

14   On October 31, 2022, Plaintiff was provided with a boot.  At some point Plaintiff was prescribed a

15   bottom bunk chrono due to the ruptured or torn Achilles.  In October 2022, Plaintiff was seen in

16   the ortho clinic for his left Achilles.  On November 30, 2023, Dr. Chyorny renewed the bottom

17   bunk chrono through December 4, 2022.  Dr. Chyorny's physical exam noted that Plaintiff

18   ambulated with a steady gait.  On December 7, 2022, Plaintiff had a follow up visit to the ortho

19   clinic.  He reported still having a lot of pain his Achilles, that voltaren gel and Relafen provided

20   some relief, that using the ace bandage helped, that the left ankle still felt very weak, and that he

21   was unable to do calf raises.  ECF No. 14 at 5-13.

22   **IV.    Dismissal with Prejudice**

23       The second amended complaint again fails to state a claim for relief.

24       A claim that prison officials are deliberately indifferent to an inmate's serious medical

25   needs violates either the Eighth Amendment or Fourteenth Amendment claim, depending on

26   whether Plaintiff is a pre-trial detainee or incarcerated pursuant to a conviction.  *Farmer v.*

27   *Brennan*, 511 U.S. 825, 832 (1994) (Eighth Amendment requires prison official to ensure that

28   inmates receive adequate food, clothing, shelter, and medical care, and to take reasonable

3

measures to guarantee inmates' safety); *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment).  To prevail on a Fourteenth Amendment claim that a prison official is deliberately indifferent to a pretrial detainee's safety or health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the prison official's conduct obvious; and (4) by not taking such measures, the prison official caused the pretrial detainee's injuries.  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-35 (9th Cir. 2018).  "The mere lack of due care by a state official does not violate the Fourteenth Amendment.  *Id.*  To prevail on an Eighth Amendment claim that a prison official is deliberately indifferent to an inmate's serious medical needs in violation of the Eighth Amendment, the plaintiff must show that the prison official knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Under the relevant Eighth Amendment standard, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844 ("A prison official's duty under the Eighth Amendment is to ensure reasonable safety") (internal quotation marks and citation omitted).  To be deliberately indifferent in violation of the Eighth Amendment, a prison official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness.  *Id.* at 835, 839-40.

There is no respondeat superior liability under § 1983, i.e., liability solely because a defendant employed the alleged wrongdoers.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Because Plaintiff is suing Santa Clara Health and Hospital Services, he is alleging a municipal liability claim against Santa Clara County, and the proper defendant for Plaintiff's municipal liability claim would be Santa Clara County itself.  *Cf. Vance v. County of*

1    *Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department

2    of Corrections from Section 1983 action and noting that "[t]he County is a proper defendant in a

3    § 1983 claim, an agency of the County is not"); *Stump v. Gates*, 777 F.Supp. 808, 816 (D. Colo.

4    1991) (noting that, "although some courts have overlooked it, naming a municipal department as a

5    defendant is not an appropriate means of pleading a § 1983 action against a municipality").  To

6    state a municipal liability claim, the plaintiff must allege facts from which it can be reasonably

7    inferred that the constitutional violations resulted from an expressly adopted official Santa Clara

8    County or Santa Clara Valley Health and Hospital System policy, a long-standing Santa Clara

9    County or Santa Clara Valley Health and Hospital System practice or custom, or the decision of a

10   final Santa Clara County or Santa Clara Valley Health and Hospital System policymaker.  *Ellins v.*

11   *City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*,

12   436 U.S. 658 (1978)).

13       The second amended complaint fails to state either an Eighth Amendment claim or a

14   Fourteenth Amendment claim against Santa Clara County for the following reasons.

15       First, as with the first amended complaint, the second amended complaint again only offers

16   labels and conclusions.  The second amended complaint repeats catchphrases from the governing

17   standard – alleging delay in providing care, "grossly" incompetent and inadequate care, failure to

18   provide care – but does not provide details.

19       Second, the exhibits to the second amended complaint contradict Plaintiff's claim that his

20   left Achilles went untreated.  According to the exhibits, Plaintiff's left Achilles was monitored

21   regularly by medical staff; Plaintiff was provided over-the-counter medication, an ace bandage,

22   and ice for pain relief; an x-ray was ordered; Plaintiff was seen at the ortho clinic, and Plaintiff

23   was provided a lower bunk chrono within a month of the injury.

24       Third, there are no allegations that the failure to treat resulted from an expressly adopted

25   official Santa Clara County or Santa Clara Valley Health and Hospital System policy, a long-

26   standing Santa Clara County or Santa Clara Valley Health and Hospital System practice or

27   custom, or the decision of a final Santa Clara County or Santa Clara Valley Health and Hospital

28   System policymaker, as is required to state a municipal liability claim.

United States District Court
Northern District of California

1
2
3
4
5
6

The Court therefore DISMISSES the second amended complaint for failure to state a claim.  The dismissal is with prejudice because the exhibits contradict Plaintiff's claims of inadequate medical treatment and because Plaintiff was previously granted leave to amend and has been unable to cure the identified deficiencies.  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (dismissal with prejudice may be appropriate where repeated failure to cure deficiencies by amendments previously allowed).

### CONCLUSION

7
8
9
10

For the foregoing reasons, the Court DISMISSES this action with prejudice.  The Clerk shall enter judgment in favor of Defendant and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

11

Dated:  December 23, 2024



12
13

_____
JON S. TIGAR
United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

6